## GIOE v. WESTERVELT et al.

(Circuit Court, S. D. New York. June 11, 1902.)

1. RES JUDICATA—FOREIGN JUDGMENTS—CONCLUSIVENESS.

A judgment of a court of Italy, which had jurisdiction of the subject-matter and the parties, rendered after proceedings in due course, in which the parties were heard, and stated in a clear and formal manner by the record, is conclusive when sued upon in a court of the United States, and cannot be reviewed on the merits, in the absence of proof that it was affected by fraud or prejudice.

At Law. On motion to dismiss and motions for direction of verdict.

Lorenzo Semple, for plaintiff.
Hinrichs & Hinrichs, for defendants.

LACOMBE, Circuit Judge (directing a verdict). The motions of defendants to dismiss the complaint and to direct a verdict are severally denied, with separate exception as to each denial. To one who goes carefully through the documents that make up the record of proceedings in the Italian courts, which terminated in the judgment here sued on, it seems lamentable that a sense of comity ever induced our courts to accept as res judicatæ the judgments of courts in foreign countries, whose systems of jurisprudence are totally different from our own. Truly, the judgment in this case is fearfully and wonderfully made, and, so far as one can make out from the documents, rankly unjust. Nevertheless, under authorities controlling upon this court, there seems to be nothing to do save to accept it as a finality. Hilton v. Guyot, 159 U. S. 113, 16 Sup. Ct. 139, 40 L.

¶ 1. See Judgment, vol. 30, Cent. Dig. § 1521.

Ed. 95. This action is on the common-law side of the court, brought on a judgment of a court in the kingdom of Italy directing the payment of money. That the Italian court had jurisdiction of the subject-matter is conceded by stipulation. That it had jurisdiction of the members of the particular firm of W. H. Westervelt & Co., which had business transactions with Gioe, and which sued him thereon in Italy, seems entirely clear upon the proofs. They had opportunity to be heard in the Italian courts, and were heard there. The proceedings in such courts were "according to the course of a civilized jurisprudence, and are stated in a clear and formal manner." It is not shown that the judgment was affected by fraud or prejudice, and it appears that under the Italian law similar judgments of the courts of this country are not reviewable upon the merits when sued on in Italy, but are given full credit and conclusive effect. Under these circumstances plaintiff is entitled to a verdict for the full amount. The defendant Braun was not a member of the firm when the transactions, which were the subject of judicial inquiry in Italy, were had with Gioe. As to him, therefore, the complaint should be dismissed. An exception to such disposition is reserved to plaintiff. The jury are directed to find a verdict in favor of plaintiff against the remaining defendant for $70,049.82, with interest thereon from November 8, 1899. Exception reserved to defendant.